UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KATHERINE NICHOLS, | ) | Case No. 5:10-cv-1056 |
| | ) | (DNH/DEP) |
| Plaintiff, | ) | |
| | ) | ORIGINAL |
| vs. | ) | CLASS ACTION COMPLAINT |
| | ) | Jury Trial Demanded |
| VIKING COLLECTION SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## NATURE OF ACTION

1.  This is class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. §1692k(d), and 28 U.S.C. §1331.

3.  Venue is properly fixed before this Court pursuant to 28 U.S.C. §1391(b), where Defendant resides in this State and this district, where acts and transactions giving rise to Plaintiff's action occurred in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4.  Plaintiff, Katherine Nichols ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Onondaga, and City of Syracuse.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. Upon information and belief, Defendant, Viking Collection Services, Inc., ("Defendant"), is a Minnesota business entity with an address of 7500 Office Ridge Circle, Suite 100, Eden Prairie, MN 55344.

7. Defendant purports to be licensed to conduct its debt collection business in all 50 states.  http://www.vikingservice.com/newsite/locations.html.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff Katherine Nichols is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Plaintiff Katherine Nichols's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family, or household purposes.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. §1692a(6), in that it attempted to collect a consumer debt allegedly owed to another.

13. On or about Wednesday, July 7, 2010, Defendant initiated a telephone call to Plaintiff's husband's cellular telephone, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, and left a voice message/voice recording stating:

> **Hi James, I'm trying to get a hold of Katherine Nichols, if you could please return the phone call the number's 1-800-215-2196, thank you.**

14. Although Defendant called the cell phone of Plaintiff's husband, James Nichols, on July 7, 2010, the message left by Defendant was specifically directed at Plaintiff Katherine Nichols.

15. On or about Tuesday, July 13, 2010, Defendant initiated a telephone call to Plaintiff's cellular telephone, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, and left a voice message/voice recording stating:

> **My name is Chris Striker, I'm trying to get a hold of Katherine Nichols, please have her return the phone call the number is 18002152196, thank you.**

16. On or about Tuesday, July 20, 2010, Defendant initiated a telephone call to Plaintiff's cellular telephone, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, and left a voice message/voice recording stating:

> **This is Chris Striker, please return the call, 1-800-215-2196.**

17. Courts in this Circuit have found that such a telephone message is a "communication" within the meaning of the FDCPA, as it conveys "information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C.

§1692a(2); *see also Leyse v. Corporate Collections Servs., Inc.*, 2006 WL 2708451, at *6 (S.D.N.Y. September 18, 2006) (pre-recorded messages, leaving a name and number to call regarding an "important matter," constitute communications within the meaning of the FDCPA); *Foti v. NCO Financial Sys., Inc.*, 424 F.Supp.2d at 655-56 (voicemail message, while devoid of any specific information about any particular debt, specifically advised the debtor that the matter required immediate attention, and provided a number to call).

18. Defendant, as a matter of pattern and practice, leaves voice messages/voice recordings with and/or for alleged debtors using language substantially similar or materially identical to that utilized by Defendant in leaving a voice message/voice recording with and/or for Plaintiff.

## CLASS ALLEGATIONS

19. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent a class comprised of the following consumers:

> ALL PERSONS LOCATED IN THE SECOND CIRCUIT WHO, WITHIN ONE YEAR BEFORE THE DATE OF THIS COMPLAINT, RECEIVED A VOICE MESSAGE FROM DEFENDANT IN CONNECTION WITH AN ATTEMPT TO COLLECT ANY CONSUMER DEBT, WHERE THE VOICE MESSAGE WAS SUBSTANTIALLY SIMILAR OR MATERIALLY IDENTICAL TO THE PRERECORDED MESSAGES DELIVERED TO PLAINTIFF.

20. The proposed class specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Justices of the United States Court of Appeals for the Second Circuit and the United States Supreme Court, all officers and agents of Defendant and all persons

related to within the third degree of consanguinity or affection to any of the foregoing individuals.

21. The class is averred to be so numerous that joinder of members is impracticable.

22. The exact number of classes' members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

23. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

24. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. §1692 et. seq.; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

25. The claims of Plaintiff are typical of those of the class he seeks to represent.

26. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

27. Plaintiff possesses the same interests and have suffered the same injuries as each class member. Plaintiff asserts identical claims and seek identical relief on behalf of the unnamed class members.

28. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

29. Plaintiff is willing and prepared to serve this Court and proposed classes.

30. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

31. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex classes action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

32. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the classes who are not parties to the action or could substantially impair or impede their ability to protect their interests.

33. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the classes, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

34. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

35. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the classes predominate over any questions affecting only individual members.

36. Moreover, a classes action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the classes members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or classes member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## CAUSES OF ACTION

## COUNT I

37. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34.

38. 15 U.S.C. § 1692d(6) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*     \*     \*

> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

39. A telephone message that merely states the name of a person to contact and a telephone number at which to reach that person does not provide meaningful disclosure of the caller's identity. *See Leyse v. Corporate Collection Servs., Inc.*, 2006 WL 2708451, at *5 (automated messages that left a name and number and identified the business seeking a return call as "CSS" did not provide meaningful disclosure).

40. "Meaningful disclosure" requires that the caller state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call. *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1115 (C.D. Cal. 2005); *Costa v. National Action Financial Services*, 634 F. Supp. 2d 1069 (E.D. Cal. 2007).

41. A debt collector fails to meet the standards prescribed by 15 U.S.C. §1692d(6) where it fails "to disclose that the caller was a debt collector and that the purpose of the call was to collect a debt." *Koby v. ARS Nat. Services, Inc.*, 2010 WL 1438763 *5 (S.D. Cal. 2010).

42. "15 U.S.C. 1692d(6) applies 'equally to automated message calls and live calls.'" *Hosseinzadeh*, 387 F. Supp. 2d at 1115 (C.D. Cal. 2005), citing *Joseph v. J.J. Mac Intyre Cos.*, 238 F. Supp. 2d 1158 (N.D. Cal. 2002).

43. "Chris Striker" did not provide meaningful disclosure of his identity as required by section 1692d(6). Rather, "Chris Striker" merely recited his personal name and a telephone number to which Plaintiff Katherine Nichols was instructed to return his call.

44. Accordingly, Defendant's message violates section 1692d(6) for the placement of telephone calls without meaningful disclosure of the caller's identity.

45. Furthermore, the call in question placed to Mr. Nichols's cell phone on July 7, 2010, did not comply with the "safe harbor" provisions of §1692b, because it did not seek to obtain, confirm, or correct "location information" as that term is defined by the Act.

46. Location information is defined as "a consumer's place of abode and his telephone number at such place, or his place of employment." *Id.* §1692a(7). Here, the message was left *for* Plaintiff Katherine Nichols and it communicated certain information; namely, an account number and a telephone number, along with instructions for Plaintiff Katherine Nichols to return the phone call.

47. Likewise, the caller did not state that he was confirming or correcting location information, as §1692b(1) states one who invokes the safe harbor of §1692b "shall" do. Section 1692b(1) requires that any debt collector contacting a third party to acquire location information about a consumer "shall — identify himself, state that he is confirming or correcting location information concerning the consumer, and, if expressly requested, identify his employer." *Id.*

48. Defendant violated 15 U.S.C. § 1692d(6) by failing to provide meaningful disclosure of its identity when placing telephone calls to Plaintiff Katherine Nichols.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil

      Procedure and designating this Complaint the operable complaint for class purposes;

b. Adjudging that Defendant violated 15 U.S.C. § 1692d(6).

c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

d. Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

49. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 48.

50. 15 U.S.C. § 1692e(10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*     \*     \*
>
> (11) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

51. "It is a violation to send any communication that conveys to the consumer a false sense of urgency." *Leyse v. Corporate Collection Services, Inc.*, 2006 WL 2708451 (S.D. N.Y. 2006), citing Federal Trade Commission Staff Commentary 53 Fed.Reg. 50097-02 (1988); *see also Romine v. Diversitied Collection Servs.*, 155 F. 3d 1142, 1143 (9th Cir. 1998) (holding that a debt collector violates 15 U.S.C. § 1692e(10) by creating a false sense of urgency).

52. Defendant violated 15 U.S.C. § 1692e(10) by leaving Plaintiff a voice message/voice recording not only vague enough to provoke a recipient to return the calls in haste, but which would deceptively entice a consumer to communicate with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b. Adjudging that Defendant violated 15 U.S.C. § 1692e(10).

c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

d. Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

  e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

  f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

53. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 52.

54. 15 U.S.C. § 1692e(11) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>  *  *  *
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

55. Voice mail messages from debt collectors to debtors are "communications" regardless of whether a debt is mentioned in the message. *Berg v. Merchants Assoc. Collection Div., Inc.*, 586 F. Supp. 2d 1336 (S.D. Fla. 2008), *citing Belin v. Litton Loan Servicing, LP*, 2006 WL 1992410 *4 (M.D. Fla. 2006) (holding that messages left on debtor''s answering machines were "communications" under the

FDCPA); *Hosseinzadeh*, 387 F. Supp. 2d at 1115-16 (holding that a voice mail message is a "communication" under the FDCPA).

56. Here, there is nothing in the voicemail message that would identify "Alex" as a debt collector working on behalf of Defendant, NCC Business Services, or that the "account" is an unpaid debt to a third party creditor.

57. Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose during a communication with Plaintiff that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

    b. Adjudging that Defendant violated 15 U.S.C. § 1692e(11).

    c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

    d. Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

    e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

    f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

58. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 57.

59. 15 U.S.C. § 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. § 1692f

60. Conduct enumerated by 15 U.S.C. § 1692f **was not intended to limit the applicability of the general prohibition of "unfair or unconscionable" behavior.** *McMillan v. Collection Professionals Inc.*, 455 F. 3d 754 (7th Cir. 2006).

61. 15 U.S.C. §1692f "serves a backstop function, catching those "unfair practices" which somehow manage to slip by §§ 1692d & 1692e." *Edwards v. McCormick*, 136 F. Supp. 2d 795 (S.D. Ohio 2001).

62. 15 U.S.C. §1692f "allows the court to sanction improper conduct that the FDCPA fails to address specifically." *Adams v. Law Offices of Stuckert & Yates,* 926 F. Supp. 521, 528 (E.D. Pa. 1996), citing *Masuda v. Thomas Richards & Co.,* 759 F. Supp. 1456, 1461 n. 10 (C.D. Cal. 1991).

63. Defendant violated 15 U.S.C. §1692f by leaving Plaintiff a message/voice recording by and through Plaintiff's husband's cell phone without disclosing the subject-matter of the message.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil

    Procedure and designating this Complaint the operable complaint for class purposes;

  b. Adjudging that Defendant violated 15 U.S.C. § 1692f.

  c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

  d. Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

  e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

  f. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

64. Plaintiff is entitled to and hereby demand a trial by jury.

## COUNT V

65. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 64.

66. 15 U.S.C. § 1692c(b) provides:

(b) Communication with third parties

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt,

>with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

>\*   \*   \*

67. Defendant violated 1692c(b) by failing to limit its telephone communications, directed at the third parties to whom they spoke, to obtaining location information for Plaintiff Katherine Nichols.

68. In particular, as discussed *supra*, Defendant communicated with Plaintiff Katherine Nichols's husband, in connection with Defendant's effort to collect a third-party debt, for purposes other than obtaining location information for Plaintiff Katherine Nichols.

69. Defendant communicated with James Nichols for the purposes of communicating a message through his voicemail account to his wife, Plaintiff Katherine Nichols.

70. Thus, Defendant's communication violated 15 U.S.C. §1692c(b)'s restriction on communications with third parties.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

> a. Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;
>
> b. Adjudging that Defendant violated 15 U.S.C. § 1692c(b).

  c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

  d. Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

  e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

  f. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

71. Plaintiff is entitled to and hereby demand a trial by jury.

## COUNT VI

72. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 71.

73. 15 U.S.C. § 1692b provides:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall —
>
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;

74. Pleading in the alternative, to the extent that Defendant contends that the message it left on July 7, 2010, for Plaintiff Katherine Nichols by and through third-party James Nichols's cell phone voicemail was seeking location information, Defendant

violated 1692b by failing to state that it was confirming or correcting location information.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b. Adjudging that Defendant violated 15 U.S.C. § 1692b.

c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

d. Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

75. Plaintiff are entitled to and hereby demand a trial by jury.

Dated: Tuesday, August 31, 2010.

Respectfully submitted,

s/Dennis R. Kurz
Dennis R. Kurz
NY Bar No. 4570453
WEISBERG & MEYERS, LLC
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
 Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

WEISBERG & MEYERS, LLC
80 Broad Street, 5th Floor
New York, NY 10004

*Please send correspondence to the address below*

Dennis R. Kurz
NY Bar No. 4570453
WEISBERG & MEYERS, LLC
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012